UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARY HANCOCK | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-632 |
| | § | |
| BAY CITY, TEXAS, ET AL. | § | |

## OPINION AND ORDER

Before the Court is the "Motion for Summary Judgment" of Defendants City of Bay City, Mike A. Baker and James E. Jumonville, Jr.. The Motion seeks summary judgment as to all claims asserted by Plaintiff, Mary Hancock. Having now carefully considered the Parties' submissions, the Court issues this Opinion and Order.

Viewing the evidence in the light most favorable to Hancock, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the relevant facts can be briefly summarized. After Hancock and a fellow police officer, Shirley Linner, gave conflicting and irreconcilable testimony at a trial regarding the destruction of significant evidence, an angry prosecutor complained to the Chief of Police, Defendant Baker. Defendant Jumonville, a police Captain, was assigned to conduct an internal investigation of the incident. In furtherance of that investigation, Baker ordered Hancock and Linner to each take a polygraph examination and answer direct questions regarding possible perjury. Hancock's polygraph examination was scheduled for March 2, 2006, at the Houston Office of the Texas Department of Public Safety. The examiner was Sergeant Fincher. Hancock arrived at Fincher's office ready, willing and able to submit to the examination, however, even though the examination was only for purposes of the internal investigation, Fincher required Hancock to waive her Fifth Amendment right against self incrimination as a condition precedent

to the test. When Hancock refused to do so, Fincher, in turn, refused to administer the test. Hancock told Jumonville the reason she refused to take the test and Jumonville related that reason to Baker. About one week later, Baker fired Hancock for refusing to take the lie detector test. On appeal by Hancock, Baker's decision was affirmed by the City Council. Hancock then brought this action. Hancock was never given the opportunity, as part fo the internal investigation, to take a polygraph examination without a Fifth Amendment waiver.

It is unconstitutional to compel an employee to answer potentially incriminating questions in combination with a waiver of her Fifth Amendment immunity. Gulden v. McCorkle, 680 F.2d 1070, 1074 (5th Cir. 1982)   This law was clearly established by 1967 when the United States Supreme Court decided Garrity v. New Jersey, 385 U.S. 493 (1967). Notwithstanding his knowledge of this clearly established law, Baker gave Hancock no other choice and then fired her for asserting her Fifth Amendment right. The Court sees no basis for finding Baker's actions reasonable under these circumstances. Hence, Baker is not protected by qualified immunity and Hancock's constitutional claim against him must go forward.

On the other hand, the Court sees no basis for any similar claim being asserted against Jumonville, who had no personal involvement in the decision to compel Hancock to take the polygraph examination or the decision to terminate her for refusing to do so. Since, as Hancock herself concedes, Jumonville had no personal involvement in the constitutional violation, her claim against him must be dismissed. Roberts v. The City of Shreveport, 297 F.3d 287, 292 (5th Cir. 2005)

As for the City, this Court finds that the issue of whether Baker was a final policy-maker is irrelevant here. This is not an attribution claim. As the Supreme Court held in City of St.

2

Louis v. Praprotnik, 485 U.S. 112, 127 (1998), "If the authorized policy-makers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." Consequently, Hancock's claim against the City survives.

As to Hancock's claim under the Texas Government Code, the Court agrees with the Defendants that the Code does not provide for a civil remedy or a waiver of sovereign immunity. Nonetheless, Hancock may pursue a declaratory judgment on this issue, and the Court will give the claim due consideration at trial.

For the foregoing reasons, it is the Order of this Court that the Defendants' Motion for Summary Judgment (Instrument no. 18) is **DENIED insofar as it seeks dismissal of Hancock's claims against the City of Bay City and Mike A. Baker** and **GRANTED insofar as it seeks dismissal of Hancock's claims against James E. Jumonville, Jr.**.

**DONE** at Galveston, Texas, this _____14th_____ day of August, 2007.

John R. Froeschner
United States Magistrate Judge